[No. 9468.   Department One. — September 27, 1886.]

# In the Matter of LUKE LUKES, an Insolvent Debtor.

Insolvency — Merchant or Tradesman — Failure to Keep Proper Books of Account — Discharge. — Section 49 of the insolvent act of April 16, 1880, does not prohibit the discharge of an insolvent merchant or tradesman who was engaged in business as such, but did not keep proper books of account prior to the passage of the act.

Id.— Immaterial Issue — Judgment. — The petition for the discharge of the insolvent alleged, and the evidence conclusively proved, that the insolvent had not been engaged in any business before the 20th of July, 1881.   On the hearing of the petition, the court, against the objection of the insolvent, submitted to the jury the issue whether or not he had kept proper books of account since the 16th of June, 1880, that being the day when the insolvent act took effect.   On this issue the jury found in the negative, and a judgment refusing a discharge was thereupon entered. *Held*, that the issue as submitted was immaterial, as the insolvent was not engaged in business before the 20th of July, 1881, and that the judgment based thereon was erroneous.

Appeal from an order of the Superior Court of Santa Cruz County refusing to discharge an insolvent.

The facts are stated in the opinion of the court.

*F. J. McCann, Tyler & Tyler,* and *Underwood McCann,* for Appellant.

*Lesser & Hall,* and *J. M. Lesser,* for Respondents.

McKinstry, J.— The motion to dismiss the appeal has been heretofore denied.

Oppositions were filed to the discharge of Luke Lukes from his debts under the insolvent law.

The issues made by the oppositions and the answers thereto were submitted to a jury, who found against the opponents upon all the issues submitted save one.

Among the objections to the discharge was this: "That said Luke Lukes, being a merchant and tradesman, did not, since the 16th of June, 1880, keep proper books of account." The petitioner denied in his answer

LXXI. Cal.—8

that " since the sixteenth day of June, 1880, he did not keep proper books of account," and averred that " he kept proper books of account during all the time he was engaged in business." The jury found that Luke Lukes had not kept proper books of account " since the 16th of June, 1880."

The petition for discharge alleges that "your petitioner is, and for more than six months next preceding the filing of this petition has been, a resident of the county, etc., and has, since the 20th day of July, 1881, been engaged in the business of milling and manufacturing flour at the county of Santa Cruz," etc. The petition was filed January, 1883.

Section 49 of the act of April 16, 1880, provides: " No discharge shall be granted . . . . if the debtor, . . . . being a merchant or tradesman, has not, subsequently to the passage of this act, kept proper books of account."

It is manifest that the clause relates to merchants or tradesman. The words " subsequently to the passage of this act " are a limitation upon the general prohibition of the discharge of a merchant or tradesman who has not kept proper books, and authorize the discharge of a merchant or tradesman who was engaged in business as such, but who did not keep proper. books prior to the date referred to.

There is nothing in the case tending to show that the petitioner was a merchant or tradesman, or that he was engaged in any business prior to July 20, 1881, and the uncontradicted testimony proved that he had been engaged in " milling grain and selling the products thereof " since that date.

There was no express finding that he had ever been a " merchant or tradesman." . When the issues to be submitted to the jury were being settled, the petitioner asked the court to submit the issue, " Did Luke Lukes keep proper books of account since the twentieth day of July, 1881? " But the court adopted — and the same was sub-

sequently submitted to the jury — the issue, " Did Luke Lukes keep proper books of account since the sixteenth day of June, 1880?" the same being the date when the insolvent law took effect. The petitioner objected to the settlement and submission of the issue last recited, upon the grounds, first, that the time specified is not within any of the issues made by the pleadings herein; second, that the same is immaterial. The court overruled the objections, and petitioner duly excepted.

If it be conceded that the petitioner was a " merchant or tradesman" from and after the date when he commenced the business of milling and selling flour and other products of the mill, the court below erred in submitting the issue to the jury; and as the judgment refusing the discharge was based on the special verdict of the jury, the judgment is erroneous.

As the case was presented, it was immaterial whether the petitioner kept any books prior to July 20, 1881. For aught that appears from the findings of the jury, he kept proper books after that date.

Judgment reversed, and cause remanded for further proceedings.

MYRICK, J., and ROSS, J., concurred.